FREDERICK R. COUDERT and others, trustees,

*v.*

WILLIAM FLAGG and others.

Part of a commission charged for negotiating a loan was retained by the attorneys of the loaner for professional services connected therewith, and deducted from the amount loaned, no part being received by the mortgagee.—*Held*, that such mortgage was not usurious, although it was taken in the name of the attorneys as trustees for the loaner.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. E. W. Runyon,* for complainants.

*Mr. J. H. Jackson,* for Flagg.

THE CHANCELLOR.

The complainants' bill is filed for foreclosure and sale of certain mortgaged premises in Plainfield. The mortgages are dated June 16th, 1876, and were given to secure the sum of $19,500 with interest. The defence is usury. It appears from the evidence, that the defendant Flagg, the mortgagor, applied to Mr. Mellick, a real estate agent and negotiator of loans, to obtain for him a sum of money on mortgage of the premises. He wanted $20,000. The agent subse-

quently applied to Messrs. Coudert Brothers, attorneys and counsellors-at-law, of the city of New York, for the desired loan. One of the members of that firm examined the property, and they agreed to loan for clients of their in France (for whom they were trustees), for investment, the sum of $19,500, on the terms of a bargain previously made between Mr. Mellick and Mr. Flagg, by which the former was to have a commission of ten per cent. for obtaining the loan. The loan was made, and the bond and mortgages given to secure it accordingly, a commission of ten per cent., amounting to $1,950, being paid for the loan. Of this sum, part went to Mr. Mellick, part for searches of the title &c., and a considerable portion to Messrs. Coudert Brothers. The whole $19,500 were furnished and paid out of the funds of the before-mentioned clients of the latter. The clients received no part of the commission, nor any advantage therefrom. The Messrs. Coudert Brothers were evidently acting in the business merely as attorneys, and, therefore, the fact that they received part of the commission will not render the securities taken for the loan usurious, nor make the lenders chargeable with their action. The fact that the mortgage was taken in their names, as trustees, will make no difference. *Dayton* v. *Moore, 3 Stew. 543.*

There will be a decree for the complainants, for the principal money of the mortgages and the interest thereon.